UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARTIN LEIVA-LEIVA,<br><br>Defendant. | No. 1:22-cr-00232-BLW-BAM-1<br><br>**ORDER** |

    This matter is before the Court on Defendant Martin Leiva-Leiva's ("Defendant") Motion for Inspection and Copying of Grand Jury Records. (ECF No. 330.) The Government filed a partial opposition. (ECF No. 342.) Defendant did not file a reply.

///
///
///
///
///
///
///

## I.     Factual and Procedural Background

Defendant, along with several co-defendants, is charged with participating in a RICO conspiracy and six counts of murder in aid of racketeering. (ECF Nos. 54, 233, 311.) A Fresno grand jury issued a First Superseding Indictment on June 22, 2023, that added Defendant to the original indictment. (ECF No. 54.) On February 20, 2025, a Fresno grand jury issued a Second Superseding Indictment, then a Third Superseding Indictment on May 1, 2025. (ECF Nos. 233, 311.) Defendant now seeks records and information regarding the grand juries involved in the three superseding indictments to assist with an anticipated motion challenging the selection methods. (ECF No. 330 at 5–6.)

## II.     Standard of Law

Under the Jury Selection and Service Act ("JSSA"), courts must create and follow a "written plan for random selection of grand and petit jurors" to ensure no juror is excluded from service on the basis of "race, color, religion, sex, national origin, or economic status." 28 U.S.C. §§ 1861, 1862. At the time of the First Superseding Indictment in this case, this district followed the plan outlined in General Order 646. *See* General Order 646, Adoption of Amended Jury Selection Plan (Adopted Mar. 7, 2022) ("GO 646"). At the time of the Second and Third Superseding Indictments, this district followed the plan outlined in General Order 680. *See* General Order 680, Adoption of Amended Jury Selection Plan (Adopted July 12, 2024) ("GO 680").

Generally, "[t]he contents of records or papers used by the jury commission or clerk in connection with the jury selection process shall not be disclosed[.]" 28 U.S.C. § 1867(f). However, when seeking to dismiss an indictment or stay proceedings "on the ground of substantial failure to comply" with the JSSA, *see id.* § 1867(a), Defendants may "inspect, reproduce, and copy" court records "in connection with the jury selection process" *id.* § 1867(f). While Defendants have an "unqualified right" to these records, this right is not unlimited. *United States v. Gray*, No. 1:20-CR-00238-JLT-SKO, 2024 WL 4120231, at *1 (E.D. Cal. Sept. 9, 2024) (citations omitted). Such records may be disclosed "as may be necessary[.]" 28 U.S.C. § 1867(f).

2

In this district, motions to release juror records and requests to inspect jury wheel records must be made to the Chief Judge. GO 680. These motions "must show exceptional and compelling circumstances why disclosure should be allowed." *Id.*

### III.    ANALYSIS

Defendant requests the Court direct the Clerk of Court permit access, release, and copying of twenty-one different types of records. (ECF No. 330.) The Government requests the Court grant parts of Defendant's motion and deny others. (ECF No. 342 at 1, 6–11.) Defendant's requests are reproduced verbatim and evaluated below.

1. **Jury Division(s)**. The jury divisions chosen for the grand juries that returned the First, Second, and Third Superseding Indictments in this case. (Jury Plan §4.06).

The Government does not object to this request. (ECF No. 342 at 6.) In light of this and given this request is clearly connected to the grand jury selection process, the Court GRANTS this request. *See also Gray*, 2024 WL 4120231, at *2 (granting request to release, copy, and inspect jury division records).

2. **Reasons for the Choice of the Jury Division**. Any documents, email, or other items that describe the reasons for the choice of the jury division(s) for the grand jury that returned the First, Second, and Third Superseding Indictments in this case. (Jury Plan §4.06).

The Government objects to this request arguing the Jury Plan articulates the reason for the choice in § 1.07. (ECF No. 342 at 6 (citing GO 646 and 680).) Further, the Government contends no General Order after 680 directs the Clerk to select grand jurors from a combination of the two divisions. (*Id.*) However, the Government also acknowledges the prior Chief Judge of this district previously granted requests for this information. (*Id.* (citing *United States v. Yandell*, No. 2:19-CR-00107-KJM, 2023 WL 2918803, at *2 (E.D. Cal. Apr. 12, 2023).) Thus, in the alternative, the Government requests the Court narrow the definition and scope of the items requested rather than granting the request in its entirety. (*Id.*)

As the defendant in *Gray* noted, under § 1.07, the Chief Judge may from time to time direct jurors be selected from service either from "a single division or from a combination of

1    divisions[.]" *Gray*, 2024 WL 4120231, at *2 (internal citation omitted).  As § 1.07 in the Jury

2    Plan does not describe the "reason" why a particular division or combination of divisions is

3    selected, and such information could inform a motion under the JSSA, the Court GRANTS this

4    request.  *See also id.* (granting similar request); *Yandell*, 2023 WL 2918803, at *2 (same).

       3. **Administrative Forms**.  Any AO-12 form or JS-12 form created that relates to the Master Jury Wheel and Qualified Jury Wheel used to summon the grand jurors who returned the First, Second, and Third Superseding Indictments in this case on June 22, 2023, February 20, 2025, and May 1, 2025 as required by 28 U.S.C. §1863(a).

9    The Government does not object to this request.  (ECF No. 342 at 6.)  Finding disclosure

10   necessary and connected to the grand jury selection process, the Court GRANTS this request.  *See*

11   *also Gray*, 2024 WL 4120231, at *3 (granting request to release, copy, and inspect administrative

12   forms); *Yandell*, 2023 WL 2918803, at *2 (similarly granting request, but limiting to relevant

13   calendar years grand jury was selected).

       4. **Data**.  Any statistical or demographic analysis produced to ensure that the Master Jury Wheel and Qualified Jury Wheel used to summon the grand jurors in this case complied with the Jury Plan, Jury Selection and Services Act, and constitutional requirements.  (Jury Plan §1.04).

18   The Government objects to this request.  (ECF No. 342 at 7.)  According to the

19   Government, § 1.04 of the Jury Plan does not mandate the Clerk prepare or rely on statistical or

20   demographical data to summon grand jurors.  (*Id.*)  Further, the Government argues the

21   information provided in the AO-12 or JS-12 forms is responsive to this request.  (*Id.*)  However,

22   as the prior Chief Judge and other courts have found, if any statistical or demographic analysis

23   was in fact produced — even if it was not required — this information could be relevant to

24   Defendant's potential motion challenging selection methods.  *See, e.g.*, *Gray*, 2024 WL 4120231,

25   at *3 (finding the same); *United States v. Holmes*, No. 18-CR-00258-EJD-1, 2020 WL 5408163,

26   at *6 (N.D. Cal. Sept. 9, 2020) ("Although it is not clear whether any such reports have been

27   produced, the Court agrees . . . [such reports] would be relevant to a fair cross section claim under

28   the JSSA or the Sixth Amendment.").  Accordingly, this request is GRANTED.

5. **Qualified Jury Wheel Refill Date**. The date when the Qualified Jury Wheel used to summon grand jurors in this case was last refilled. (Jury Plan §1.09).

6. **Master Jury Wheel Refill Date**. The date on which the Master Jury Wheel used to summon grand jurors in this case was last refilled. (Jury Plan §1.09).

The Government objects to both of these requests arguing the "date" does not constitute "records or papers used by the [jury commission or] clerk in connection with the jury selection process." (ECF No. 342 at 7 (quoting 28 U.S.C. § 1867(f)).) However, like the prior Chief Judge, this Court disagrees and finds these dates qualify as "records" under § 1867(f) and the information could potentially be necessary to prepare a motion under the JSSA. *See Gray*, 2024 WL 4120231, at *3; *Yandell*, 2023 WL 2918803, at *3; *see also Holmes*, 2020 WL 5408163, at *5 (finding "such data qualifies as records 'used by the jury commission or clerk in connection with the jury selection process' that are potentially necessary to determining whether a plausible § 1867(a) claim exists"). Accordingly, these requests are GRANTED.

7. **Purge Procedures**. A description of the procedures used to purge duplicate records and any report or analysis of the procedures. (Jury Plan §2.02).

The Government objects to this request arguing § 2.02 of the Jury Plan is "self[]-explanatory." (ECF No. 342 at 7.) Upon review, the Court agrees. However, to the extent there are pre-existing materials which further detail such purge procedures, such records shall be produced. *Yandell*, 2023 WL 2918803, at *3. Accordingly, Defendant's request is GRANTED in part.

8. **Calculation Procedures**. The "specific and detailed procedures" followed, as set forth in §§ 2.02 and 2.03 of the Jury Plan and the record of calculations. (Jury Plan §4.06).

The Government objects to this request again arguing the cited Jury Plan sections are self-explanatory and the "specific and detailed procedures" are already set forth in cited sections. (ECF No. 342 at 8.) Additionally, the Government contends Defendant's request appears to go beyond the JSSA-authorized disclosures given there is no limit in the request to scope or form. (*Id.*) Upon review, the Court agrees. However, to the extent there are pre-existing materials

5

which further detail such calculation procedures, such records shall be produced. *Yandell*, 2023 WL 2918803, at *3. Accordingly, Defendant's request is GRANTED in part.

9. **General Notice**. Any general notice explaining the process by which names were randomly and periodically drawn from the wheel. (Jury Plan §§3.01, 4.01).

The Government does not object to this request. (ECF No. 342 at 8.) Given this and finding the information connected to the grand jury selection process, the Court GRANTS this request. However, the request is limited to the relevant time frames of the superseding indictments — the 2023 and 2025 calendar years. *See also Gray*, 2024 WL 4120231, at *2 (granting request to release, copy, and inspect general notice records, but limiting to the calendar year of the relevant indictment).

10. **Procedure for Non-Responses**. The procedures implemented to address prospective grand jurors who do not respond to a juror qualification form or had their juror qualification form returned by the postal service as undeliverable.

The Government objects to this request arguing the procedure for non-responses is irrelevant. (ECF No. 342 at 8.) Relying on *United States v. Santos*, the Government contends the Ninth Circuit has previously held a failure to "follow-up" on non-responses does not constitute non-compliance with the JSSA. (*Id.* (citing 588 F.2d 1300, 1303 (9th Cir. 1979).) However, in *Santos*, there was an 87 percent response rate. Here, it is unclear what the response rate was. Moreover, as the prior Chief Judge and other courts have found, if the Clerk's Office has a procedure, such a procedure could shed light on "whether a particular group tends not to respond or not to have an accurate address, and that information could be necessary to support" a motion under the JSSA. *Yandell*, 2023 WL 2918803, at *3 (citing *United States v. Cloud*, No. 1:19-CR-02032-SMJ-01, 2020 WL 4381608, at *3 (E.D. Wash. July 27, 2020)). Accordingly, the Court GRANTS this request.

11. **Information on Failure-to-Submit**. The number of persons who failed to return a juror qualification form either electronically or on paper as described. (Jury Plan §§3.02 and 3.03).

The Government objects to this request arguing the information is irrelevant to the

6

question of whether there was a substantial failure to draw a grand jury from a fair cross section of the community. (ECF No. 342 at 8.) According to the Government, if individuals failed to return a juror qualification form, such a failure is outside of the Court's control and does not provide a basis to challenge the grand juror selection process. (*Id.*) The Court disagrees and finds that the number of persons who failed to return a juror qualification form could provide certain trend data that could lead to an expert opinion about systematic underrepresentation, which would be necessary information to support a motion under the JSSA. *Yandell*, 2023 WL 2918803, at *4 (citing *Cloud*, 2020 WL 4381608, at *3). The Court GRANTS this request.

> 12. **Failure-to-Appear or Submit**. The juror numbers (not name or address) of the persons summoned for either failure to submit a juror qualification questionnaire or for failure to appear. (Jury Plan §3.03).

The Government objects to the request arguing the reasons for excusal do not support a challenge under the JSSA, because such challenges focus on the pool from which the grand jury was drawn — not the people who failed to appear. (ECF No. 342 at 8.) Additionally, the Government contends again that the Ninth Circuit has held failure to "follow-up" on unreturned questionnaires does not constitute non-compliance with the JSSA. (*Id.* (citing *Santos*, 588 F.2d at 1303).) For similar reasons discussed above, the Court disagrees and GRANTS the request. *See Yandell*, 2023 WL 2918803, at *4 (granting request regarding failure-to-appear or submit because such information could help an expert investigate any nonresponse trends).

> 13. **Proportionality Calculation**. The calculation of the number of potential jurors from each jury division to ensure compliance the numbers listed in §§2.02, 2.03, and 4.06 of the Jury Plan.

The Government does not object to the calculation request for the number of potential jurors for the Fresno Division. (ECF No. 342 at 9.) However, the Government does object to the request to the extent it seeks records related to the Sacramento Division. (*Id.*) The Government argues Defendant has not established how such Sacramento Division records would be relevant. (*Id.*) Given the superseding indictments were returned by Fresno grand juries, the Court agrees with the Government. Defendant's request is GRANTED only to the calculation of the number

1     of potential jurors from the Fresno Division.

2          14. **Source Data**. The source data in electronic form for the Master Jury Wheel used to summon the grand jurors who returned the First, Second, and Third Superseding Indictments in this case. The data should include, as available, Race, Gender, Ethnicity, Age, Year of Birth, Zip Code, County, and Jury Division. The data shall not include any personal information that could be used to identify any individuals, including name or street address. (Jury Plan §§2.01 and 2.02).

         15. **Summons Date**. The date when grand jurors were summoned in this case related to the First, Second, and Third Superseding Indictments.

The Government does not object to the request for records regarding source data nor the request for summons dates. (ECF No. 342 at 9.) The Court GRANTS these requests. *See also Gray*, 2024 WL 4120231, at *5 (holding similarly); *Yandell*, 2023 WL 2918803, at *4 (same).

         16. **Extension(s)**. Documents related to any extension beyond 18 months of any regular or special grand jury seated in this case relative to the First, Second, or Third Superseding Indictments. (Jury Plan §§ 4.07; 4.08).

The Government does not object to this request but asks the Court to define "documents related to" to ensure only documents related to the JSSA are provided. (ECF No. 342 at 9.) The Government does not provide a suggested definition, nor does Defendant provide any tailored definition in reply. Without more information, the Court cannot determine what information Defendant is seeking. *Cf. United States v. Diaz*, 236 F.R.D. 470, 479 (N.D. Cal. 2006) (granting request to disclose orders reflecting beginning or extension of the grand jury term). For example, is Defendant seeking documents related to when the grand juries were sworn in, commenced, and ended? Accordingly, the request is DENIED without prejudice. If Defendant wishes to pursue this request, Defendant must identify what "documents related to" entails. *Cf. United States v. Sandeen*, No. CR 19-00167 JAO, 2021 WL 3269253, at *2 (D. Haw. July 30, 2021) (similarly denying request without prejudice to renewal due to generalized request).

///

///

17. **Numbers Summoned**. The number of persons summoned from the qualified jury wheel to be considered as grand jurors in this case.

18. **Juror Form**. The blank qualification and summons forms for the persons summoned to potentially be grand jurors.

The Government does not object to the request for records regarding numbers summoned nor juror forms. (ECF No. 342 at 9.) These requests are GRANTED. *See also Gray*, 2024 WL 4120231, at *5 (holding similarly); *Yandell*, 2023 WL 2918803, at *4 (same).

19. **Juror Disposition**. The disposition of each summoned potential grand juror as to excusal, deferment, disqualification, or selection including information as to any grand jurors who were deferred from grand juries summoned in June 2023 (or February 2025) to subsequent service on the grand juries for February 2025 or May 2025.

The Government objects to this request arguing this information "is not necessary to support a claim for a substantial failure to maintain a representative jury composition." (ECF No. 342 at 10 (quoting *United States v. Cerna*, No. CR 08-0730 WHA, 2009 WL 2998930, at *5 (N.D. Cal. Sept. 16, 2009).) However, the Government acknowledges the prior Chief Judge in this district has previously granted requests for this information in similar motions. (*Id.* (citing *Gray*, 2024 WL 4120231, at *5; *Yandell*, 2023 WL 2918803, at *4).) The Court agrees with the prior Chief Judge and finds this information could provide information necessary to determine whether the grand jury that returned the three different superseding indictments fairly represented the community. Accordingly, the Court GRANTS this request.

20. **Grand Juror Numbers**. The juror number for each grand juror who returned the First, Second, or Third Superseding Indictments in this case.

The Government objects to this request arguing the grand juror numbers are not "records or papers used by the clerk in connection with the jury selection process" and thus not relevant for a motion under the JSSA. (ECF No. 342 at 10.) Further, the Government contends such information is protected from disclosure under Federal Rule of Criminal Procedure 6(e). (*Id.* (citing *Diaz*, 236 F.R.D. at 480).) Again, the Government acknowledges that the prior Chief Judge granted this request previously. (*Id.* (citing *Gray*, 2024 WL 4120231, at *5; *Yandell*, 2023

WL 2918803, at *4).) The Court finds the Government's objection unavailing. Here, this information could be used to cross-check whether responses to other requests is accurate. *See Yandell*, 2023 WL 2918803, at *4. Additionally, Defendant is not seeking the names of the grand jurors, which the *Diaz* court took issue with — just their numbers. As such, Defendant's request is GRANTED.

> 21. **Status Codes**. Status codes for potential jurors selected from the Master Jury Wheel for Qualification who either had their qualifications form returned by the postal service, did not respond, or were disqualified or exempted from jury service as described in the Jury Plan. The data should be in electronic and accessible form and include the following: juror number, whether the form was returned undeliverable, whether the form was not returned, reason for disqualification, race, gender, Hispanic ethnicity, birth year, zip code, city, county, and jury division.

The Government objects to the request for status codes. (ECF No. 342 at 11.) According to the Government, such information "has no bearing on the representation of the pool from which the grand jury was drawn." (*Id.*) For similar reasons set forth above, the Court disagrees and finds this information could be used to cross-check responses to other requests and thereby inform a motion under the JSSA. *See Yandell*, 2023 WL 2918803, at *5. Accordingly, the request is GRANTED.

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS in part and DENIES in part Defendant's motion (ECF No. 330) as described above. The Clerk of Court is directed to file under seal on the docket of this action any materials responsive to the requests granted in this Order. The materials shall be accessible only to the following CM/ECF users:

- Counsel for Defendant Martin Alfredo Leiva-Leiva: Kim C. Freter and Timothy E. Warriner;
- Counsel for United States: Kimberly A. Sanchez, Robert L. Veneman-Hughes, and Justin J. Gilio.

> No part of this Order requires any Court's staff member to prepare or create any records

of documents. This Order also does not provide for the production of any personal identifying information. This includes, but is not limited to names, social security numbers, telephone numbers or full birth dates. No such personal identifying information may be disclosed. If any materials disclosed in response to this Order could identify a particular member of the jury pool, grand juror or potential grand juror, the potential identifying information must be redacted or obscured using similar means.

If any disclosed materials are later determined to disclose personal identifying information, the party making this determination must IMMEDIATELY NOTIFY THE COURT in a written notice filed on the docket of this action. Anyone who has received that material must immediately return, destroy, or delete the materials in question and file a written certification of compliance on the docket of this action.

Further, the Court imposes the following limitations on any materials produced in response to this Order:

- The materials produced may only be used in connection with the preparation or litigation of a motion challenging this District's grand jury selection procedures. The materials may not be used in connection with any other case. Nor may they be used for jury selection, at trial or for any other purpose in this case.

- The materials may only be used by counsel or standby counsel, their legal staff and their retained experts. Defendants shall not review or possess the materials at any time without the Court's prior approval on a detailed showing of good cause. Nor may the materials be carried into or reviewed in any detention facility or the permanent or temporary residence or business of any defendant without this Court's prior approval on a detailed showing of good cause.

- The materials may not be disclosed, shown or distributed in any manner to any third party. 28 U.S.C. § 1867(f). "Any person who discloses the contents of any record or paper in violation of" § 1867(f), and, by extension, of this Order, "may be fined not more than $1,000 or imprisoned not more than one year, or both." *Id.* Violations of this Order may also result in sanctions or a finding of contempt.

- Any attorney who accesses the materials is personally responsible not only for personally complying with this Order, but also for the attorney's client's compliance with this Order and for compliance by any expert, contractor or member of the attorney's staff.
- At the commencement of jury selection, all materials disclosed in response to this Order either (a) must be returned to the Court, or (b) all counsel, staff and experts must certify in a written notice filed on the docket of this action that the materials have been destroyed and no materials have been retained in any duplicative form.

IT IS SO ORDERED.

Date: May 27, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE