IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:22-cr-00232-BLW-EPG |
| Plaintiff, | |
| v. | **MEMORANDUM DECISION AND ORDER** |
| MARTIN ALFREDO LEIVA-LEIVA, et al, | |
| Defendants. | |

## INTRODUCTION

Before the Court are Defendants Martin Alfredo Leiva-Leiva and Oscar Armando Orellana Guevara's motions to sever their cases and Leiva-Leiva's motion to continue his trial. Dkts. 418, 419, 472.[1] At the February 2, 2026 hearing, the Court granted the motions to sever and granted in part, and denied in part, Leiva-Leiva's motion to continue, resetting his trial to June 7, 2027, while leaving Orellana Guevara's trial as previously scheduled for July 6, 2026. *See* Dkt. 497. The Court now issues this written decision to further explain its rulings on the motions to sever and to continue.

---

[1] Two former defendants also filed motions to sever. Dkts. 420, 421. Because these individuals are no longer defendants in this case, their motions are moot and the Court will not address them. *See Cnty. of Los Angeles et al. v. Davis et al.*, 440 U.S. 625, 631 (1979) ("a case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome") (internal quotation marks omitted).

MEMORANDUM DECISION AND ORDER - 1

## BACKGROUND

During the course of this case, which began in 2021, the Government has charged eleven defendants with an assortment of crimes related to a conspiracy to participate in a racketeering enterprise—the gang MS-13. *See, e.g.*, Dkt. 1, 20, 54, 233, 311. Of those eleven defendants, only two remain: Leiva-Leiva and Orellana Guevara.

In addition to RICO conspiracy, the Government charged Leiva-Leiva with six counts of the capital offense of Murder in Aid of Racketeering. Dkts. 54, 233, 311. The Government filed a notice of intent to seek the death penalty against Leiva-Leiva on August 7, 2025. Dkt. 369. As for Orellana Guevara, the Government charged him with Assault with a Dangerous Weapon and Attempted Murder in Aid of Racketeering, non-capital offenses. Dkt. 311.

Leiva-Leiva and Orellana Guevara moved to sever their cases and the Government opposed those motions. Dkts. 418, 419, 437, 445, 446. The Court heard oral argument on the motions, and the parties filed supplemental briefs addressing severance after the dismissal of several defendants from the case. *See* Dkts. 461, 474, 475. In addition, Leiva-Leiva moved to continue his trial date from July 6, 2026, to "the summer of 2028." Dkt. 472; *see* Dkt. 494. The Government opposed this motion as well, advocating instead for a four-month continuance of Leiva-Leiva's trial to November 9, 2026. Dkt. 485.

## LEGAL STANDARD

"The decision to grant or deny a requested continuance lies within the broad discretion of the district court." *United States v. Flynt*, 756 F.2d 1352, 1358 (9th Cir.), *amended*, 764 F.2d 675 (9th Cir. 1985). In making such a decision, the district court generally considers four factors: 1) the requesting party's diligence in preparing prior for trial; 2) whether delaying the trial would satisfy the need for the continuance; 3) the inconvenience to the court, the opposing party, and witnesses; and 4) the extent that the requesting party would suffer harm absent the continuance. *See United States v. Zamora-Hernandez*, 222 F.3d 1046, 1049 (9th Cir. 2000). The fourth of these is the "most critical." *Id*.

A decision to sever is similarly "committed to the sound discretion of the trial court." *United States v. Adams*, 581 F.2d 193, 197 (9th Cir. 1978). Defendants jointly indicted ordinarily should be jointly tried, so the burden is on the moving party to show "clear, manifest, or undue" prejudice from a joint trial. *United States v. Escalante*, 637 F.2d 1197, 1201 (9th Cir. 1980). That said, the standard for severance is less stringent in a death penalty case. *U.S. v. Green*, 324 F. Supp. 2d 311, 320 (D. Mass. 2004).

## ANALYSIS

The Court will start by providing its reasons for granting in part, and denying in part, Leiva-Leiva's motion to continue his trial. At the status conference

MEMORANDUM DECISION AND ORDER - 3

on December 12, 2025, Leiva-Leiva's counsel explained that she began investigating death-penalty mitigation evidence in August 2025, after the Government issued its notice to seek the death penalty against Leiva-Leiva. *Status Conf. Tr.* at 10-11, Dkt. 489 at 10-11. But, she noted, her efforts and those of Leiva-Leiva's mitigation specialist were slowed by the difficulty of reaching Leiva-Leiva's hometown in a remote part of El Salvador and the inability of counsel to reach potential witnesses in El Salvador by cell phone. *Status Conf. Tr.* at 11, 17, 21, Dkt. 489 at 11, 17, 21. Adding to the difficulty, counsel explained, were the dangerous conditions facing the mitigation specialist in El Salvador in attempting to uncover evidence there. *Status Conf. Tr.* at 11, Dkt. 489 at 11. Counsel noted that this danger extends to potential witnesses located El Salvador as well, as they could be targeted by Salvadoran authorities for having a perceived connection to MS-13. *Status Conf. Tr.* at 11, Dkt. 489 at 11. These factors strongly support continuing Leiva-Leiva's trial to permit his counsel and mitigating expert time to navigate these challenges in an effort to thoroughly investigate potential mitigating evidence so as to provide Leiva-Leiva with an adequate defense. *See Zamora-Hernandez*, 222 F.3d at 1049.

That said, Leiva-Leiva has provided no basis to assume that these challenges will lessen in the foreseeable future. Moreover, the Court recognizes that although Leiva-Leiva is not currently concerned about his speedy trial rights, the public has

a speedy trial interest too, which could be impaired by a continuance to the summer of 2028. *See Severance Hearing Tr.* at 43-44, Dkt. 467 at 43-44; 18 U.S.C. § 3161(h)(7)(A) (recognizing that in addition to the defendant, the public has an interest in speedy trials).

The Court also acknowledges Leiva-Leiva's concern that the July 6, 2026 trial date is less than one year from the date the Government filed its notice of intent to seek the death penalty against him. Dkt. 472 at 3. He asserts that this time period would be unusually short compared to the average period for other recent death-penalty cases, which, according to his calculations, is twenty-eight months. Dkt. 472 at 3; Dkt. 472-1 at 2. The Government contests Leiva-Leiva's calculation and claims that the more representative average timespan is 21.72 months, or a little less than two years. Dkt. 485 at 4. The Court determines that approximately four years from the indictment and almost two years between the notice of intent to seek death and the start of trial would be consistent with the timeframes used in similar cases. The Court thus continues Leiva-Leiva's trial to June 7, 2027, which fits this timeframe and strikes an appropriate balance between allowing time for Leiva-Leiva to maneuver around the challenges to investigating mitigation evidence and the public's right to a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). The Court further finds excludable time under the Speedy Trial Act for Leiva-Leiva between the former July 6, 2026 trial date and the new trial date of June 7,

MEMORANDUM DECISION AND ORDER - 5

2027.

Next, the Court addresses the compelling reasons it found to grant Leiva-Leiva and Orellana Guevara's motions to sever their cases. *See* Dkts. 418, 419, 445, 446. As the Court has explained, Leiva-Leiva requires nearly a year continuance of his trial, whereas Orellana Guevara requests no additional time for his trial and states he will be ready to proceed with the previously established date of July 6, 2026. *See Status Conf. Tr.* at 39, Dkt. 489 at 39. Given the radically different timelines of these cases should they proceed separately, the Court finds that Orellana Guevara's speedy trial rights would be prejudiced if the Court were to continue his trial along with Leiva-Leiva's. *See Zafiro v. United States*, 506 U.S. 534, 538 (1993).

Moreover, the Court is concerned about the complexity and fairness of trying these cases together. Leiva-Leiva is facing the death penalty, which means his trial will require a longer jury selection process, a lengthy guilt-phase trial, and then, potentially, penalty-phase proceedings. Overall Leiva-Leiva's trial could last up to four months. *See Status Conf. Tr.* at 9, Dkt. 489 at 9. Orellana Guevara's trial, meanwhile, would likely be over in a week. *See Severance Hearing Tr.* at 21, Dkt. 467 at 21. The jury in his case would not need to be death-qualified, the evidence of his crimes would likely be less voluminous than Leiva-Leiva's, and he would not require a penalty-phase proceeding even if convicted. What is more, the

MEMORANDUM DECISION AND ORDER - 6

Court is concerned that the jury's concentration on fulfilling their duties regarding Leiva-Leiva's capital case—with its life-or-death consequences—may be diverted by the presence of another defendant and different evidence not necessarily associated with Leiva-Leiva. *See Green*, 324 F. Supp. 2d at 320; *see also Gregg v. Georgia*, 428 U.S. 153, 188 (1976) ("the penalty of death is different in kind from any other punishment imposed under our system of criminal justice"). Although the Court is not required to sever in this context, it nevertheless determines as an exercise of its discretion that these considerations cumulatively render it appropriate to sever Leiva-Leiva and Orellana Guevara's cases. *See Adams*, 581 F.2d at 197.

## ORDER

**IT IS ORDERED that:**

1.  Defendants' Motions to Sever (Dkts. 418, 419) are **GRANTED**.

2.  Defendant Leiva-Leiva's Motion to Continue Trial (Dkt. 472) is **GRANTED IN PART, AND DENIED IN PART**, with Defendant Leiva-Leiva's trial continued to June 7, 2027.



DATED: March 9, 2026

B. Lynn Winmill
U.S. District Court Judge