IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARTIN ALFREDO LEIVA-LEIVA,<br><br>Defendant. | CASE NO.  1:22-CR-00232-BLW-EPG<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant Martin Leiva Leiva's Motion to Dismiss Indictment on Grounds of Lack of Specificity and Failure to State an Offense (Dkt. 518). The Court heard oral argument on May 8, 2026. As explained below, the Court denies the motion on the ground of lack of specificity and defers ruling on the ground of failure to state an offense.

## BACKGROUND

The Third Superseding Indictment charges Mr. Leiva Leiva with one count of Conspiracy to Participate in a Racketeering Enterprise and six counts of Murder in the Aid of Racketeering. The indictment describes a violent MS-13 conspiracy

**MEMORANDUM DECISION AND ORDER - 1**

stretching from Central America to central California. Ten others are indicted on the RICO conspiracy count, and nine of those co-defendants are named in one or more of the murder counts.

For the murder counts, the indictment provides the dates and general locations of the offenses, but it does not name the victims or specify the means of the murders. Specifically, the indictment alleges:

- Count Two: "On or about January 26, 2016, in the County of San Benito, in the Northern District of California, and the Eastern District of California, and elsewhere, . . . the defendants, [Martin Leiva Leiva and Angel Diaz-Morales], together with others known and unknown, unlawfully and knowingly murdered Victim 1, in violation of California Penal Code Sections 31, 187, and 189."

- Count Three: "On or about July 13, 2016, in the County of Fresno, within the Eastern District of California, and elsewhere, . . . the defendants, [Martin Leiva Leiva], together with others known and unknown, unlawfully and knowingly murdered Victim 2, in violation of California Penal Code Sections 31, 187, and 189."

- Count Four: "On or about October 30, 2016, in the County of Fresno, within the Eastern District of California, and elsewhere, . . . the defendants, [Martin Leiva Leiva, Jose Joaquin Orellana, Julio Recinos-Sorto, Jose Torres-Garcia, and Jose Hernandez-Otero], together with others known and unknown, unlawfully and knowingly murdered Victim 3, in violation of California Penal Code Sections 31, 187, and 189."

- Count Five: "On or about October 30, 2016, in the County of Fresno, within the Eastern District of California, and elsewhere, . . . the defendants, [Martin Leiva Leiva, Jose Joaquin Orellana, Julio Recinos-Sorto, Jose Torres-Garcia, and Jose Hernandez-Otero], together with others known and unknown, unlawfully and knowingly murdered Victim 4, in violation of California Penal Code Sections 31, 187, and 189."

MEMORANDUM DECISION AND ORDER - 2

- Count Six: "On or about January 30, 2017, in the County of Fresno, within the Eastern District of California, and elsewhere, . . . the defendants, [Martin Leiva Leiva, Jose Barrera-Martinez, Luis Diaz-Pineda, and Angel Castro-Alfaro], together with others known and unknown, unlawfully and knowingly murdered Victim 5, in violation of California Penal Code Sections 31, 187, and 189."

- Count Seven: "On or about December 13, 2017, in the County of Fresno, within the Eastern District of California, and elsewhere, . . . the defendants, [Martin Leiva Leiva and Juan Urias-Torres], together with others known and unknown, unlawfully and knowingly murdered Victim 6, in violation of California Penal Code Sections 31, 187, and 189."

At a hearing on February 2, 2026, the Government acknowledged that it has no evidence of Mr. Leiva Leiva's physical participation in the murders. The Government's theory, rather, is that Mr. Leiva Leiva was an MS-13 "shot caller" who ordered murders that his associates carried out.

Mr. Leiva Leiva now moves to dismiss the Third Superseding Indictment for lack of specificity and failure to state a claim.

## LEGAL STANDARD

Rule 12 of the Federal Rules of Criminal Procedure authorizes a defendant to move to dismiss an indictment for reasons including lack of specificity and failure to state an offense. Fed. R. Crim. P. 12(b)(3)(B)(iii), (v). On a motion to dismiss for failure to state an offense, "the district court is bound by the four corners of the indictment." *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002). This is a purely legal question, and the court must accept all factual allegations as true. *Id.*

MEMORANDUM DECISION AND ORDER - 3

When a defendant seeks to dismiss an indictment for lack of specificity, the Court reviews the indictment "in its entirety" and with "common sense and practicality." *United States v. Berger*, 473 F.3d 1080, 1103 (9th Cir. 2007). The test is not "whether the indictment could have been framed in a more satisfactory manner," but "whether it conforms to the *minimal* constitutional standards." *United States v. Awad*, 551 F.3d 930, 935 (9th Cir. 2009). An indictment meets constitutional and procedural muster if it "states the elements of the offense charged with sufficient clarity to apprise a defendant of the charge against which he must defend and enable him to plead double jeopardy." *United States v. Hinton*, 222 F.3d 664, 672 (9th Cir. 2000).

## ANALYSIS

Mr. Leiva Leiva contends that the indictment is insufficiently specific because it fails to identify (1) the names of the victims; (2) the places of the murders; (3) the dates of the murders; (4) Mr. Leiva Leiva's role in the murders; (5) the type of murder charged; and (6) the elements of the predicate state law offenses underlying the RICO and VICAR charges. He also seeks to dismiss the capital murder counts for failure to state an offense based on the Government's admission that he did not physically participate in the murders. The Court finds that the indictment is sufficiently specific but defers ruling on the failure to state an offense theory because the arguments are not fully developed.

MEMORANDUM DECISION AND ORDER - 4

### 1.  Lack of Specificity

The Third Superseding Indictment meets the minimal constitutional standards, though it could have been better framed.

Mr. Leiva Leiva's most compelling concern is the indictment's lack of specificity as to the locations of the murders and the victims' identities. This Court would certainly have preferred that the indictment name the victims. Still, other courts have consistently upheld indictments that exclude victim names. *See, e.g.*, *United States v. Candelario-Santana*, 682 F. Supp. 3d 199, 204 (D.P.R. 2023); *United States v. John-Baptiste*, 747 F.3d 186, 196 (3d Cir. 2014). Though somewhat concerning, this omission is not so substantial that it interferes with Mr. Leiva Leiva's ability to understand the charges and plead double jeopardy.

As far as location, the indictment states the county and district wherein each alleged murder took place. This is geographically broad, but courts have upheld similar language, as long as the indictment "gives the approximate location of the conspiratorial activities." *See United States v. Mumma*, No. 1:20-cr-00168, 2023 WL 346676, at *1 (E.D. Cal. Jan. 20, 2023) (indictment sufficient where it alleged that wrongful conduct occurred "in the County of Fresno, State and Eastern District of California and elsewhere"). Again, this is enough to apprise Mr. Leiva Leiva of the charges and allow him to plead double jeopardy.

Mr. Leiva Leiva also contends that the indictment fails to specify the dates

of the murders. This is incorrect. The indictment provides a date for each offense—with the qualifier "on or about" merely functioning "to prevent any dickering over the small technicality of an exact date." *United States v. McCown*, 711 F.2d 1441, 1450 (9th Cir. 1983). The indictment is perfectly adequate in this regard.

Mr. Leiva Leiva's next set of objections concern the indictment's failure to describe the type of murder charged or his alleged role. But these are legal theories, which an indictment need not disclose. *See Schad v. Arizona*, 501 U.S. 624, 631 (1991) ("[A]n indictment need not specify which overt act, among several named, was the means by which a crime is committed."). These omissions do not present constitutional concerns.

Finally, Mr. Leiva-Leiva contends that the indictment is defective because it does not plead the elements of the predicate state law offenses underlying the RICO and VICAR charges. This argument is foreclosed by *United States v. Dencklau*, 160 F.4th 1046 (9th Cir. 2025). In *Dencklau*, the court held that "where a VICAR indictment tracks the VICAR statute's language, it sufficiently informs the defendant of his charge, even if it does not also enumerate the elements of the predicate state law crime." *Id.* at 1054. Mr. Leiva Leiva argues that *Dencklau* contradicts Supreme Court authority, but that argument is beyond the purview of this District Court.

The Court is sympathetic to Mr. Leiva Leiva's arguments that the above

MEMORANDUM DECISION AND ORDER - 6

omissions when taken cumulatively, prejudice his ability to prepare a defense. But viewed holistically, the indictment meets the constitutional minimum. The ambiguity regarding the victims' identities and the locations of the murders do not rise to the level of a constitutional violation, and any practical shortcomings here have been rectified by the Informational Outline and discovery.

### 2.  Failure to State an Offense

Mr. Leiva Leiva next moves to dismiss the capital murder counts for failure to state an offense. His theory here rests on the Government's admission that he was not physically present for any of the murders. Mr. Leiva Leiva's recently filed Motion to Strike Notice of Intent makes the same argument in a more developed fashion.[1] The Court will wait until after oral argument on that motion, scheduled for June 22, 2026, to rule on this issue.

### ORDER

THEREFORE, IT IS HEREBY ORDERED that Defendant Leiva Leiva's Motion to Dismiss Indictment on Grounds of Lack of Specificity and Failure to State an Offense (Dkt. 518) is **DENIED IN PART and HELD IN ABEYANCE IN PART**. The Motion is **denied** as to the ground of lack of specificity and is **held**

---

[1] In the present motion, Mr. Leiva Leiva's opening memorandum only skims this issue, and he waits until his reply brief to fully articulate his arguments. As a result, the Government has not had a full opportunity to respond.

**in abeyance** as to the ground of failure to state an offense until after the June 22, 2026, oral argument.

DATED: June 15, 2026

B. Lynn Winmill
U.S. District Court Judge